***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon review of the evidence affirms with modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. Plaintiff received medical treatment from Dr. Michael B. Hussey following his 1993 injury. Plaintiff/Employee sustained an injury by accident to his back on 1 December 1993 while working for Defendant/Employer Terrell Brothers and this matter is of record in I.C. File No. 449919. Forestry Mutual is the Carrier on the risk for this claim and file number.
3. Plaintiff/Employee sustained an injury by accident to his back while working for Defendant/Employer Terrell Brothers on 10 September 1997; said Employer was self-insured at the time of this injury, and Key Risk Management Services was its servicing agent. This claim is of record in File No. 745118.
4. Plaintiff/Employee was employed by Yates Paving and Grading Company, Inc. when he incurred the need for further medical services beginning in June 2000, and Ohio Casualty Group was the Carrier for said Employer as of said time.
5. By an order previously entered in this cause by Tracey H. Weaver, Executive Secretary, Yates Construction Company has been made a party-defendant in this matter. By another prior order of record herein, I.C. File No. 745118 is consolidated with I.C. File No. 449919 through the completion of the hearing and appeals process. By another order of record herein, Key Risk was made a party-defendant, although Terrell Brothers Manufacturing was a self-insured employer at the time of the 10 September 1997 loss. Key Risk was the servicing agent for said employer in File No. 745118.
6. Average weekly wages do not need to be computed for the purposes of this claim, as it is for medical benefits only.
7. Plaintiff/Employee has not worked for Terrell Brothers since March 2000. Plaintiff/Employee began work in March 2000 for Yates Construction, but is not currently employed.
8. It is stipulated that all parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
 ***********
Based on the foregoing stipulations and the evidence the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 44 years old at the time of this review. He had completed the ninth grade of school. A significant amount of his past work history was in driving trucks.
2. In 1993, plaintiff was employed by Terrell Brothers as a truck driver. He sustained an injury by accident to his low back, which required disc surgery by Dr. Michael Hussey at the L5-S1 interspace. Following release from medical treatment for that injury by Dr. Hussey, plaintiff returned to work for Terrell Brothers as a truck driver.
3. Defendants Terrell Brothers and Forestry Mutual admitted responsibility for plaintiff's 1993 injury and paid medical and indemnity compensation to plaintiff.
4. In 1997, plaintiff again sustained an injury to his low back while working for defendant Terrell Brothers. At the time of that injury, defendant Terrell Brothers had become self-insured and Key Risk Management Services was its servicing agent. Defendant Terrell Brothers, through Key Risk, its servicing agent, admitted responsibility for that injury.
5. Plaintiff did not sustain an additional rupture or herniation of the L5-S1 disc as a result of the 1997 injury. However, he did sustain a strain injury to his low back, which took him out of work for a period of time and required medical treatment. Defendant Terrell Brothers, through Key Risk, paid for plaintiff's medical care related to that injury and paid the indemnity compensation benefits to which plaintiff was entitled.
6. Following his recovery from the 1997 injury, plaintiff left Terrell Brothers in late 1999 or early 2000. He went to work for defendant Yates Paving Grading.
7. In May or June 2000, plaintiff experienced a worsening of his back pain. He sought treatment from Davidson Medical Ministries. He underwent diagnostic testing at Lexington Memorial Hospital. High Point Radiological Services read the diagnostic testing. Plaintiff was referred to Johnson Neurological Clinic following the diagnostic testing, and came back under the care of Dr. Michael B. Hussey, who performed a repeat surgery of the disc at the L5-S1 interspace.
8. Plaintiff did not report a work-related specific traumatic incident to his employer, Yates, or to treating physicians who rendered services in 2000. In seeking services for his 1993 and 1997 injuries, plaintiff each time reported a specific traumatic event that led to the need for medical services.
9. Dr. Hussey testified for plaintiff as an expert witness in the field of neurosurgery. He had treated plaintiff from 1994 to 2000. Dr. Hussey testified that he operated on plaintiff in 2000 because he had not been able to remove all of the disc material from plaintiff's disc at the L5-S1 interspace in 1994. He opined that the residual disc material had herniated in 2000 through no specific event related to either the 1997 injury or accidental injury occurring while plaintiff was employed in 2000. Further, Dr. Hussey opined that as a result of the herniation, plaintiff suffered the symptoms of which he complained in 2000.
10. Dr. O. Del Curling testified on behalf of defendants Terrell Brothers and defendant-carrier N.C. Forestry Mutual as an expert witness in the field of neurosurgery. Dr. Curling did not feel that there was a causative link between plaintiff's 1993 injury and the need for medical treatment in 2000. However, he could only speculate as to what might have happened in 2000 that led to the need for surgery. Dr. Curling did not examine plaintiff at any time.
11. Dr. James S. Fulghum, III, testified on behalf of defendant Terrell Brothers and defendant-carrier N.C. Forestry Mutual as an expert witness in the field of neurosurgery. He was of the opinion that the herniated disc suffered by plaintiff in 2000 was of a spontaneous nature and could not attribute it to any specific event or cause. He admitted that a recurrent problem with a herniated disc may occur and that once there has been an operation for a herniated disc, there is susceptibility for further problems with that disc. He did not examine plaintiff at any time.
12. The Full Commission gives greater weight to the testimony of Dr. Hussey. Plaintiff did not sustain a specific traumatic incident as a direct result of work assigned by defendant Yates Construction in 2000. Rather, plaintiff's condition is a direct and natural consequence of his prior compensable injury in 1993. Dr. Hussey's testimony is more persuasive for determining responsibility for payment of medical expenses in this matter because Dr. Hussey had treated plaintiff continuously from 1994 to 2000. He had operated twice on plaintiff's back and had the ability to observe the anatomy of plaintiff at the L5-S1 interspace.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff's need for medical care due to the worsening of his L5-S1 disc condition beginning in May or June 2000 is casually related to his original compensable injury by accident occurring in 1993 while employed by defendant Terrell Brothers Mfg. In 1993, Terrell Brothers Mfg. was insured by Forestry Mutual Insurance Company.
2. Plaintiff's claim for additional benefits is not time-barred. SeeHyler v. GTE Products Co., 333 N.C. 258, 425 S.E.2d 698 (1993).
3. Plaintiff is entitled to have his medical expenses paid by defendants Terrell Brothers Mfg. and N.C. Forestry Mutual. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants Terrell Brothers Mfg. and N.C. Forestry Mutual Insurance Company shall pay for the medical care received by plaintiff beginning in May/June 2000 for treatment of his back, which includes, but is not limited to, surgery performed by Dr. Hussey.
2. Further, defendants Terrell Brothers Mfg. and N.C. Forestry Mutual Insurance Co. shall be responsible for any continuing medical care for any medical conditions arising from and causally related to the injury plaintiff sustained on 1 December 1993, as long as such medical care tends to effect a cure, provide relief, or lessen the disability of plaintiff.
3. Defendants Terrell Brothers and N.C. Forestry Mutual Insurance Co. shall bear the costs of this proceeding, including an expert witness fee of $350.00 to Dr. Michael Hussey and $350.00 to Dr. James Fulghum if said fees have not been paid by prior order.
4. It is further ordered that servicing agent Key Risk Management Services is dismissed as a party-defendant. In addition, Key Risk's Motion for Attorney Fees from N.C. Forestry Mutual Insurance Company and Terrell Brothers is DENIED.
This the ___ day of November 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ LAURA K. MAVRETIC COMMISSIONER